UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| JOHN H. REEVES, | CASE NO. 1:98-cv-1773 |
| Plaintiff, | JUDGE JAMES S. GWIN |
| LINDA MARIE CAMPBELL, | |
| Assignee, | OPINION AND ORDER<br>[Resolving Doc. 60, 61, 65, 67, 68, 69] |
| vs. | |
| H.A. REDMOND COMPANY, et al., | |
| Defendants. | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 9, 2006, Plaintiff-Assignee Linda Marie Campbell ("Campbell") filed Plaintiff's Request for Confirmation of Identity seeking that this Court identify Pay Technologies, Inc. ("Pay Tech Inc.") as a defendant in the instant case, thereby assigning liability to Pay Tech Inc. for the previously entered judgment. [Doc. 60.] Pay Tech Inc. opposed the motion. [Doc. 61.] On June 21, 2006, this Court referred Plaintiff's motion to Magistrate Judge Patricia Hemann for a Report and Recommendation. [Doc. 62.] On August 16, 2006, the magistrate judge issued a Report and Recommendation that this Court deny Plaintiff's motion. [Doc. 65.] On August 30, 2006, Plaintiff objected to the magistrate judge's recommendation. [Doc. 67.] For the reasons set forth below, this Court **ADOPTS** the recommendation of the magistrate judge, **DENIES** Plaintiff's motion, and

**DENIES** Respondents' request for sanctions.

## I. Background

On September 30, 1999, the court entered judgment in favor of Plaintiff John H. Reeves ("Reeves") against Defendant H. A. Redmond Company ("Redmond") on employment discrimination claims. [Doc. 28.] Redmond is a registered trade name of Caboose Corporation, Inc. ("Caboose"), a company incorporated on August 20, 1992. As such, Caboose is liable for the judgment against Redmond. However, Caboose went out of business soon after the court issued its judgment and Reeves was unable to collect. James H. Krueger ("Krueger") and his wife are the sole shareholders of Caboose. Notably, Krueger was a defendant in this case, but the court dismissed him as a party several months before the entry of judgment.

Krueger is also a shareholder, though not the sole shareholder, of Pay Tech Inc. The company was incorporated on June 15, 1997. On December 29, 1999, Krueger and his wife declared bankruptcy and shortly thereafter Pay Tech Inc. ceased operations. Though Krueger owns shares in both Caboose and Pay Tech Inc., the two companies share no legal relationship. Caboose and Pay Tech Inc. are separate legal entities, and Caboose does not own any part of Pay Tech Inc.

Pay Technologies Limited, LLC ("Pay Tech Ltd.") is a limited liability corporation, separate from Pay Tech Inc., owned in part by the attorney who represented Redmond and Krueger in this case, Keith Belkin. Krueger is not a shareholder of Pay Tech Ltd. Pay Tech Ltd. was incorporated on April 11, 2000, and continues to operate today. Caboose and Pay Tech Ltd. are also separate legal entities and Caboose does not own any part of Pay Tech Ltd. Therefore, Krueger is not connected to Pay Tech Ltd. either directly as a shareholder or indirectly through his equity interest in Caboose.

On or about December 11, 2003, Reeves assigned the judgment against Redmond to Campbell. After determining that the judgment was not collectable from Caboose, Campbell sought to enforce the judgment against Pay Tech Inc. by identifying it as a defendant in the instant case. In oral arguments before the magistrate judge, Campbell claimed that Pay Tech Inc. is really the same company as Pay Tech Ltd. and that it should be liable for the judgment against Redmond because it is part of the same "conglomerate" as Caboose.

In addition to determining the liability of Pay Tech Inc., the magistrate judge went beyond Campbell's motion to consider whether Krueger or Pay Tech Ltd. could be deemed liable for the judgment against Redmond. Respondents argue that Pay Tech Inc. and Pay Tech Ltd. cannot be deemed liable for the debts of Caboose absent a legal relationship with Caboose. Likewise, Respondents argue that this Court should not pierce Caboose's corporate veil and assign liability to Krueger because Campbell has not presented evidence showing any criminal, deceptive, or fraudulent actions taken by Krueger.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have made an objection. 28 U.S.C. § 636(b)(1). Parties must file any objections to a Report and Recommendation within ten days of service. Failure to object within that time waives a party's right to appeal the magistrate judge's recommendation. FED. R. CIV. P. 72(a); *see Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Absent objection, a district court may adopt the magistrate judge's report without review. *Thomas*, 474 U.S. at 149. Fed. R. Civ. P. 72(b) states: "The district judge may accept, reject, or modify the recommended decision, receive further

evidence, or recommit the matter to the magistrate judge with instructions." Where the Plaintiff's objection includes allegations not raised before the magistrate judge, the court may, but is not required to consider the new allegations. *See C & H Sugar Co. v. Solstice Indus.*, 2006 U.S. Dist. LEXIS 56605, at *26 (D. Mich. 2006); *see also Brown v. Potter*, 2006 U.S. Dist. LEXIS 21502, at *2 (D. Mich. 2006).

Except in rare cases, it is a fundamental rule of corporate law that shareholders, officers and directors are not liable for the debts of the corporation. *See Wilton Corp. v. Ashland Castings Corp.,* 188 F.3d 670, 674 (6th Cir. 1999). This rule applies even where there are only one or two shareholders. *See First Nat'l Bank v. F. C. Trebein Co.,* 59 Ohio St. 316, 326 (1898). In limited circumstances, Ohio courts recognize an exception to the rule that allows a plaintiff to pierce the corporate veil

> when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

*Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos.*, 67 Ohio St. 3d 274, 289 (1993).

Additionally, in applying *Belvedere,* the Sixth Circuit has held that a party cannot pierce the corporate veil without demonstrating criminal, fraudulent, or deceptive action, or abuse of the corporate form. *See Wilton,* 188 F.3d at 674. The party attempting to pierce the corporate veil bears the burden of proving such right. *See Univ. Circle Research Ctr. Corp. v. Galbreath Co.*, 106 Ohio App. 3d 835, 840-41 (1995).

Finally, Fed. R. Civ. P. 11(c)(1)(A) requires that a motion for sanctions "be made separately from other motions or requests."

### III. Analysis

As Campbell did not object to the magistrate judge's recommendations that this Court deny her motion as to Pay Tech Inc. or Pay Tech Ltd., and having conducted its own review of the merits of these claims, the Court adopts those recommendations. Campbell solely objects to the magistrate judge's recommendation that this Court decline to identify Krueger as a defendant. The magistrate judge found that Campbell failed to carry her burden under the second prong of the *Belvedere* test: "Even if Campbell could show that Krueger had total control over Redmond and Caboose and that his control played a part in the harm caused, she fails to show any criminal, deceptive, or fraudulent actions or any abuse of the corporate form."

This Court is not obligated to consider the allegations in Campbell's objection because she never presented the allegations to the magistrate judge. Even if the allegations were properly before the Court, the allegations do not satisfy the *Belvedere* test. A review of each allegation shows that Campbell has not supported the allegations with any evidence. Since Campbell has the burden of proving the elements of the *Belvedere* test, she must present admissible evidence to meet her burden of production in order for the Court to consider her allegations. *See Univ. Circle Research Ctr.*, 106 Ohio App. 3d at 840-41. As required when opposing a motion for summary judgement, Campbell, "may not rest upon the mere allegations, but . . . by affidavits . . . must set forth specific facts" or offer evidence for admission by some other acceptable method to support her motion. FED. R. CIV. P. 56(e).

Initially, Campbell's objections fail to present evidence that could satisfy the first prong of the *Belvedere* test. In her objection, Campbell states "[c]ontrol over the corporation was so complete that the corporation had no separate mind or existence of its own. When the finances of the

corporation failed so did James Krueger's personal finances." [Doc. 67.] However, Campbell failed to submit any affidavits or other evidence to support this allegation. As such, Campbell's mere assertions cannot prove that Krueger exercised total control over Caboose or Pay Tech Inc.

Next, Campbell alleges that Krueger engaged in fraudulent acts and abused the corporate form to satisfy the second *Belvedere* prong. Specifically, she alleges that (1) Krueger committed tax evasion and defrauded the government by not dissolving Caboose when it ceased business operations; (2) Krueger abused the corporate form by making personal property tax and personal mortgage payments from a corporate bank account, failing to keep corporate meeting minutes, and failing to maintain sufficient funds; (3) Krueger made false statements such as not properly listing a property transfer during bankruptcy filings; and (4) Krueger failed to list Plaintiff as a creditor when he and his wife filed for Chapter 7 individual bankruptcy. Once again, as to the first three allegations under the second prong, Campbell failed to provide any affidavits or evidence in support of her claims. *See* FED. R. EVID. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.").

Campbell's fourth allegation is arguably supported by the fact that Krueger's bankruptcy petition does not contain an entry for Reeves's judgement. [Doc. 59.] However, several problems exist with this evidence. First, Krueger electronically filed the bankruptcy petition in response to Campbell's discovery request as mandated by order of this Court. [Docs. 50, 51, 58] Yet, Campbell never submitted the petition as an exhibit to her Request for Confirmation of Identity or properly presented the petition as evidence in this case. Second, an examination of the relevant bankruptcy proceedings indicates that on March 20, 2000, a Trustee's Report of No Assets was filed. *See In re* Krueger, No. 99-19308 (Bankr. D. Ohio 2000) (Doc. 16). As such, no assets were ever distributed

to any of the creditors listed in Krueger's petition. Therefore, Krueger's failure to list Reeves cannot be construed as fraud because even if Reeves had been properly listed among the other creditors, he still would not have received any distribution from the bankruptcy. In sum, Campbell's new allegations fail to prove that Krueger committed fraudulent acts against her while exercising total control over Caboose or Pay Tech Inc., as required by the second prong of the *Belvedere* test.

Finally, Campbell attempts to satisfy the third *Belvedere* prong by asserting that, "Mr. Reeves has suffered a great financial loss due to the non-payment of the Caboose Corporation judgment." [Doc. 67.] To satisfy *Belvedere*, Krueger's fraudulent acts under the second prong must have caused the injury under the third prong. At no point has Campbell supported her first three allegations under the second prong with any evidence, let alone demonstrated how these actions caused injury specifically to her. Campbell's fourth allegation that Krueger failed to list Plaintiff as a creditor in his bankruptcy petition also fails to illustrate any injury because there were no assets in existence to be distributed even if Krueger had properly listed Plaintiff as a creditor. Therefore, Campbell's motion fails the third prong of the *Belvedere* test as well. Since Campbell's new allegations cannot meet her burden under the *Belvedere* test, this Court denies Campbell's motion to identify Krueger as a defendant in this case.

Finally, when responding to Campbell's objection to the magistrate judge's recommendation, Respondents requested imposition of sanctions pursuant to Fed R. Civ. P. Rule 11. Given that Respondents included this request within their response to Campbell's objections as opposed to a separate motion, the Court denies Respondents' request because it fails to comply with the requirements of Fed R. Civ. P. Rule 11(c)(1)(a).

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, **DENIES** Plaintiff's Request for Confirmation of Identity, and **DENIES** Respondents' request for sanctions.

IT IS SO ORDERED.

Dated: June 4, 2007                                  s/ *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE